**UNITED STATES OLYMPIC COMMITTEE, Plaintiff–Appellant,**

v.

**TOY TRUCK LINES, INC., Defendant.**

**No. 00–1196.**

United States Court of Appeals, Federal Circuit.

Jan. 16, 2001.

---

James L. Bikoff, Silverberg, Goldman & Bikoff, L.L.P., of Washington, DC, for plaintiff-appellant.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Appellant United States Olympic Committee ("USOC") appeals the decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office,[1] dismissing USOC's opposition to Toy Truck Lines' application for registration of the mark PAN AMERICAN for "miniature toy trucks and scale model trucks" in International Class 28. The Board erred in declining to consider the intervening enactment of the Olympic and Amateur Sports Act ("OASA"), 36 U.S.C. § 220501 *et seq.*, and applicable precedent.

## DISCUSSION

On May 30, 1995 Toy Truck Lines filed an application for registration, based on intent-to-use, of the mark PAN AMERICAN on "miniature toy trucks and scale model trucks." The trademark examiner ruled that the mark was registrable, and passed the application to publication. On May 2, 1997 the USOC timely filed an opposition to the registration, based on its ownership and use of the marks PAN AMERICAN GAMES, USA PAN AM TEAM, and PAN AM GAMES, registered in 1996 and 1997 for use with a variety of goods, typically jewelry, clothing, flags, and promotional novelties, although not on toy and scale model trucks. The USOC argued that the proposed registration would violate sections 2(a) and 2(d) of the Trademark Act. 15 U.S.C. § 1052(a) (prohibiting the registration of marks which falsely suggest a connection with persons, institutions, beliefs, or national symbols); 15 U.S.C. § 1052(d) (prohibiting the registration of marks which would be likely to cause confusion with a previously registered mark).

---

1. *United States Olympic Comm. v. Toy Truck Lines, Inc.*, No. 106,629 (TTAB Nov. 9, 1999).

In its opposition as initially filed the USOC relied on portions of the Amateur Sports Act of 1978, 36 U.S.C. § 371 *et seq.*, which charged the USOC with promotion of the Olympic movement in the United States, including responsibility for financing and controlling the representation of the United States in the Pan American Games. As then in effect, section 110 of the Amateur Sports Act of 1978, 36 U.S.C. § 380, invested the USOC with certain exclusive rights to the use of the word OLYMPIC and related terms in trade:

> **36 U.S.C. § 380(a).** Without the consent of the Corporation [USOC], any person who uses for the purpose of trade, to induce the sale of any goods or services
>
> \*　　\*　　\*
>
> (3) any trademark, trade name, sign, symbol, or insignia falsely representing association with, or authorization by, the International Olympic Committee or the Corporation; or
> (4) the words "Olympic", "Olympiad", "Citius Altius Fortius", or any combination or simulation thereof tending to cause confusion, to cause mistake, to deceive, or to falsely suggest a connection with the Corporation or any Olympic activity;
>
> shall be subject to suit in a civil action by the Corporation for the remedies provided in the Act of July 5, 1946 (60 Stat. 427; popularly known as the Trademark Act of 1946).

*See generally O–M Bread, Inc. v. United States Olympic Comm.,* 65 F.3d 933, 36 USPQ2d 1041 (Fed.Cir.1995) (discussing the Amateur Sports Act of 1978 and its predecessor statute).

In 1998, during the pendency of the opposition, Congress enacted the Olympic and Amateur Sports Act ("OASA"), 36 U.S.C. § 220501 *et seq.*, amending the 1978 Amateur Sports Act. Pub. L. 105–225, § 1, Aug. 12, 1998, 112 Stat. 1469; Pub. L. 105–277, Div. C, Title I, § 142(g), Oct. 21, 1998, 112 Stat. 2681–604. The 1998 Act enlarged the exclusive rights of the USOC as follows:

**36 U.S.C. § 220506. Exclusive right to name, seals, emblems, and badges.**

(a) Exclusive right of [the USOC].—Except as provided in subsection (d) of this section, the [USOC] has the exclusive right to use—

> \*　　\*　　\*
>
> (4) the words "Olympic", "Olympiad", "Citius Altius Fortius", "Paralympic", "Paralympiad", "Pan–American", "America Espirito Sport Fraternite", or any combination of those words.

> \*　　\*　　\*

(c) Civil action for unauthorized use.—Except as provided in subsection (d) of this section, the corporation may file a civil action against a person for the remedies provided in the Act of July 5, 1946 (15 U.S.C. § 1051 *et seq.*) (popularly known as the Trademark Act of 1946) if the person, without the consent of the corporation, uses for the purpose of trade, [or] to induce the sale of any goods or services

> \*　　\*　　\*
>
> (3) the words described in subsection (a)(4) of this section, or any combination or simulation of those words tending to cause confusion or mistake, to deceive, or to falsely suggest a connection with the corporation or any Olympic, Paralympic, or Pan American Games activity; or
> (4) any trademark, trade name, sign, symbol, or insignia falsely representing association with, or authorization by, the International Olympic Committee, the International Paralympic Committee, the Pan American Sports Organization, or the corporation.

Although the USOC cited the 1998 statute in its brief, the Board declined to consider it and the USOC's arguments based thereon, stating: "While opposer refers to the recent amendments to 36 U.S.C. § 380 in its brief, this statute is not a pleaded ground in the opposition and it has not been so considered." TTAB op. at 5 n. 9.

The Board then held that the opposition's asserted grounds of violation of sections 2(a) and 2(d) of the Lanham Act had not been established, *i.e.*, that the USOC did not prove that the mark PAN AMERICAN on toy trucks would falsely suggest a connection to the USOC or the Pan American games, and that the USOC did not prove that Toy Truck's intended use of this mark would be likely to cause confusion as to the source or sponsorship of the toy and model trucks. On these grounds the Board dismissed the USOC's opposition.

 It was improper for the Board to refuse to consider the 1998 enactment. The general rule is that a tribunal must apply the law as it exists at the time of the decision. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) ("The usual rule is that federal cases should be decided in accordance with the law existing at the time of decision.") Although this rule is subject to exceptions when justice requires, such as when vested rights are materially affected by the change in law, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), no such reason has been proffered by Toy Truck Lines. Since this application was based solely on "intent to use," with no representation of actual use, there is no suggestion of the existence of any vested property right or investment in trademark use. *Cf. id.* at 270, 114 S.Ct. 1483 (determination of statutory retroactivity requires consideration of "whether the new provision attaches new legal consequences to events completed before its enactment"). In this case there is no suggestion that application of the 1998 Act would impair any rights possessed before the enactment, increase Toy Truck's liability, or impose new duties for any past conduct. *See id.* at 280, 114 S.Ct. 1483; *Lowry v. Secretary of Health and Human Services*, 189 F.3d 1378, 1380–81 (Fed.Cir. 1999). The Board was promptly advised of the new statute and its direct relationship to trademark use of "Pan American." The USOC's opposition to Toy Truck's application for registration could not be denied without consideration of the effect of the 1998 Act.

 The unambiguous statutory language of § 220506(a)(4) reserves to the USOC the commercial use (other than "grandfathered" uses) of the disputed words PAN AMERICAN, without requiring any showing of likelihood of confusion or false connection. As the Court stated in *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 531, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987) (concerning the Amateur Sports Act of 1978):

> The protection granted to the USOC's use of the Olympic words and symbols differs from the normal trademark protection in two respects: the USOC need not prove that a contested use is likely to cause confusion, and an unauthorized user of the word does not have available the normal statutory defenses.

*Id.* at 531, 107 S.Ct. 2971. Accordingly, the Board's findings that there is no likelihood of confusion or false suggestion of connection are irrelevant to the issue. It was incorrect for the Board to dismiss the USOC's opposition to Toy Truck's registration, for as a matter of law the USOC must prevail. We reverse the Board's dismissal of the USOC's opposition, and remand for further proceedings consistent with this decision.

No costs.

*REVERSED AND REMANDED.*